714 P.2d 526

RESOURCE ENGINEERING, INC., an Idaho corporation, Plaintiff,
and
William C. Harrison, Plaintiff's Assignee-Appellant,

v.

NANCY LEE MINES, INC., an Idaho corporation, Defendant-Respondent.

No. 15975.

Court of Appeals of Idaho.

Dec. 31, 1985.

Rehearing Denied Feb. 28, 1986.

Petition for Review Denied May 20, 1986.

William C. Harrison, Spokane, Wash., pro se.

William F. Sims, Coeur d'Alene, and William Fremming Nielsen (argued), Spokane, Wash., for defendant-respondent.

BURNETT, Judge.

This is an action to foreclose a lien claimed by Resource Engineering, Inc., for labor and materials furnished to Nancy Lee Mines, Inc. The district court entered summary judgment against the claim. On appeal we are asked to decide whether genuine issues of material fact exist and whether Resource Engineering should have been permitted to broaden its claim by filing an amended complaint. For reasons explained below, we vacate the summary judgment but we limit the scope of the claim to be litigated on remand.

The pertinent facts, summarized for simplicity, are as follows. Resource Engineering brought this suit upon an allegation that it was entitled to $25,200 for supplies and services provided to Nancy Lee from July 15, 1967, to May 18, 1968. Resource further alleged that $21,605 of this amount had not been paid. Nancy Lee denied these allegations. While the case was pending, Resource was adjudicated bankrupt. A bankruptcy trustee assigned the claim against Nancy Lee to William Harrison, one of Resource's corporate officers.

In 1984, after the case had lain dormant for more than a decade, a trial was scheduled. Before the trial date, Nancy Lee moved for a summary judgment. In support of this motion, Phyllis Gaylord, Nancy Lee's secretary-treasurer, submitted an affidavit acknowledging that a debt had existed but stating that Resource had been paid $25,110, an amount exceeding the claim. Harrison filed a responsive affidavit. He admitted that Resource had received $25,110 but he explained that $1,150 of that amount actually was a loan repayment and he stated that the remaining $23,-960 did not cover all labor and materials actually furnished. Based upon a detailed examination of Resource's records, he recomputed the total indebtedness as $51,262, rather than $25,200 as earlier pleaded, and he asserted an unpaid balance of approximately $28,000. Harrison moved for leave to file an amended complaint alleging the larger figure. The motion was denied and summary judgment was entered in favor of Nancy Lee. Harrison appealed.

Summary judgment is appropriate only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). Here, the district court ruled that the Gaylord affidavit showed payment of the debt and that the Harrison affidavit, by asserting a debt of a different amount, impermissibly attempted to create an issue of fact by raising a new claim. However, in our view, the scope of the claim, as set forth in the pleadings, is measured not by the dollar amount sought

but by the labor and materials furnished during the time period in question—i.e., July 15, 1967, to May 18, 1968. This distinction is critical because the Harrison affidavit and the proposed amended complaint embody two separate allegations: (1) that the amount due for the originally pleaded time period exceeds the amount paid, and (2) that there are additional sums due for labor and materials furnished at other times.

■ We first consider the amount due for the time period originally pleaded. We have been cited no authority for the proposition that a plaintiff is immutably locked into a dollar amount specified in his initial pleadings. To the contrary, unless surprise or unfair prejudice is shown, the amount of a claim may be amended to conform to the proof, even during a trial. I.R.C.P. 15(b). In this case, Nancy Lee has argued in general terms that it is prejudiced by Harrison's revision of the amount claimed, but no facts have been presented to show any specific, unfair disadvantage. Neither has Nancy Lee shown surprise in the sense of an unexpected departure from the earlier pleadings. Nancy Lee was informed by Resource's first pleading, and has been on notice throughout this litigation, that Resource sought foreclosure of a lien for whatever amount the court might determine to be due for labor and services during the specified time period. Absent a showing of actual prejudice or genuine surprise, we believe the district court abused its discretion by refusing to allow a revision of the amount claimed for the pleaded time period. Consequently, Harrison's affidavit should not have been wholly rejected as an improper attempt to contradict the pleadings.

The district court also rejected Harrison's affidavit on the alternate ground that it did not comply with I.R.C.P. 56(e). The rule provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to

the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. Applications of this rule are discussed in C. WRIGHT, A. MILLER, & M. KANE, 10A FEDERAL PRACTICE AND PROCEDURE § 2738 (2d ed. 1983), and in J. MOORE & J. WICKER, 6 Pt. 2 MOORE'S FEDERAL PRACTICE § 56.22 (2d ed. 1948).

■ In this case, the judge held that exhibits appended to Harrison's affidavit were "not in affidavit form nor [were] they sworn or certified copies of papers referred to in the affidavit." The court also questioned the relevancy and authenticity of may exhibits. We find the exhibits to be poorly organized and vague in many respects. However, they are not for that reason irrelevant or inauthentic. They are documents incorporated into an affidavit made upon the assertedly personal knowledge of the affiant. As such, they are cognizable under Rule 56(e) unless it is clear from their contents that they contain inadmissible hearsay or could not, in fact, be within the affiant's personal knowledge. Some of the exhibits attached to Harrison's affidavit, particularly memoranda and letters authored by other persons, suffer these infirmities. But Exhibit "A"—an itemization of all charges made to Nancy Lee during the applicable time period—does not. These charges, according to the affidavit, were within Harrison's "personal and first hand knowledge" and were reflected by corporate records in Harrison's possession.

■ Exhibit "A" identifies some of the charges by date, allowing us to determine whether they pertain to the pleaded time period extending from July 15, 1967, to May 18, 1968. Other charges are undated. If we disregard all undated charges and the charges dated outside the pleaded period, the following items remain:

| | |
|---|---|
| Rental of mucking machines (pro rated) | $ 2,550 |
| Lumber | 11,589 |
| Hauling | 2,461 |
| Field trips | 2,360 |
| Mine-mill supervision | $ 7,718 |
| Equipment rental | 1,379 |
| Mileage | 1,264 |
| Total | $29,321 |

This figure falls far short of the aggregate amount, $51,262, asserted in Harrison's affidavit. Nevertheless, it exceeds by several thousand dollars the amount paid by Nancy Lee. Accordingly, we conclude that a genuine issue of material fact exists as to whether Nancy Lee has paid all sums that Resource was entitled to recover for labor and materials furnished during the pleaded time period. We conclude that the district court erred by entering summary judgment for a zero sum. The judgment must be set aside.

■ Because the case will be remanded, the question remains whether Harrison should have been permitted to enlarge the claim by adding labor and materials furnished at various times outside the pleaded time frame. We believe not. Such an enlargement, unlike revision of the amount claimed for the pleaded period, would represent a wholly new dimension of the lawsuit. So far as the record before us indicates, Nancy Lee has received no notice of such a broadened claim throughout the sixteen years elapsing from commencement of this action in 1968 to Harrison's filing of his affidavit and proposed amended complaint in 1984. Extraordinary delay is an appropriate basis for denying a motion to amend a complaint. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Persuasive reasons for the delay have not been presented in this case. We hold that the district court did not abuse its discretion by refusing to allow the claim to be broadened at this late date.

The summary judgment is vacated and the case is remanded for further proceedings consistent with this opinion. The claim shall be limited to labor and materials supplied during the pleaded time frame. Each party having prevailed in part on appeal, we award no costs or attorney fees.

WALTERS, C.J., and SWANSTROM, J., concur.